**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL D'ANDREA, | No. 10-15774 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00105-JMS-BMK |
| v. | |
| STATE OF HAWAII; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted October 11, 2011[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Michael D'Andrea appeals the district court's summary

judgment dismissal of his claims under the First and Fourteenth Amendments,

Title VII and Hawaii Revised Statutes § 378-2, the Hawaii Whistleblowers'

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Protection Act, and Hawaii tort law. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court properly concluded that the August 7, 2007 settlement agreement bars all of D'Andrea's claims. "As a general rule, a properly executed settlement precludes future litigation for its parties." *Exotics Hawaii-Kona, Inc. v. E. I. du Pont de Nemours & Co.*, 172 P.3d 1021, 1032 (Haw. 2007) (citation omitted). D'Andrea agreed to release the University of Hawaii (University) and its past and present employees and officials from all claims "whether known or unknown, pled or unpled, suspected or unsuspected, concealed or unconcealed . . . arising out of or relating in any way to the Litigation and the [April 11, 2007] Complaint, including but not limited to the claims that were asserted and could have been asserted in the Complaint." As of April 11, 2007, the University had initiated formal disciplinary proceedings that led to his suspension and termination. Accordingly, D'Andrea could have brought all his claims in his first complaint. Moreover, all of D'Andrea's claims arise out of or relate to claims in his 2007 lawsuit.

D'Andrea contends that the agreement does not bar his claims because his release was not "voluntary, deliberate and informed." *Salmeron v. United States*, 724 F.2d 1357, 1361 (9th Cir. 1983). This argument fails because D'Andrea has

not presented any evidence to support his conclusion.  Moreover, D'Andrea, a tenured professor with a doctorate, could reasonably be expected to understand a settlement agreement, especially in light of his representation by three attorneys during the settlement negotiations.

The University also argues that summary judgment was appropriate because D'Andrea has not presented sufficient evidence to support his claims.  Because the settlement agreement is dispositive of all claims, we need not address this argument.

**AFFIRMED.**